## CINCINNATI UNDERWRITERS AGENCY CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6095.

Circuit Court of Appeals, Sixth Circuit.

Jan. 17, 1933.

As Modified on Denial of Rehearing March 17, 1933.

HICKENLOOPER, Circuit Judge dissenting.

A. C. Harvey, of Chicago, Ill. (Charles A. Kreps, of Chicago, Ill., on the brief), for petitioner.

J. H. McEvers of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and C. M. Charest, both of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

MOORMAN, *Circuit Judge.*

The question in this case is whether the petitioner, an Ohio corporation engaged in soliciting insurance on a commission basis, but not engaged in assuming insurance risks or issuing insurance policies, should have been permitted to file consolidated tax returns for the years 1926 and 1927 with another Ohio corporation, the Eureka Security Fire & Marine Insurance Company, which was engaged in issuing insurance policies and assuming insurance risks common to insurance companies.

The Revenue Act of 1926, § 240 (a), 26 USCA § 993 (a), gave to affiliated corporations the right to make consolidated returns for 1926 and subsequent years. In defining such corporations, it provided in part that two or more domestic corporations should be deemed to be affiliated if one corporation owned at least 95 per centum of the voting stock of the other or others. The Eureka Company owned all of the capital stock of the petitioner, and, as the general language of the act is broad enough to include all domestic corporations, insurance companies, and others, it is contended by the petitioner that the decision of the Board of Tax Appeals in disallowing its affiliation with the Eureka Company is contrary to the provisions of the act.

There would be much force in the petitioner's contention were it possible to give it effect without defeating the legislative intent of other provisions of the act. One of such purposes, as appears from provisions made exclusively applicable to insurance companies, was to segregate such companies from other corporations for tax purposes. Pursuant to this purpose, it was provided that, in lieu of the tax rates of 13 and 13½ per cent. levied upon the income of other corporations, the rate applicable to insurance companies should be 12½ per cent. Nowhere was provision made for a tax rate applicable to the consolidated income of these differently taxed units. It is contended by the petitioner that this deficiency in the act may be supplied by an application by the Commissioner of the higher class rate to the consolidated result, but this contention finds denial in the circumstance that there is no authority in the Commissioner so to do, and that tax rates are fixed by statute and not by administrative procedure. There being, therefore, no statutory rate for such consolidated result nor any authority for applying either of the class rates, the only solution of the situation that is practicable is to construe the general provisions relied upon as permitting only such affiliation as could be effected without affecting the other purposes of the act. This was what was done in circumstances almost identical with those here involved in Fire Cos. Building Corporation v. Commissioner (C. C. A.) 54 F.(2d) 488. It was fully warranted under the rule forbidding constructions which lead

to absurd consequences. In re Chapman, 166 U. S. 661, 667, 17 S. Ct. 677, 41 L. Ed. 1154; United States v. Katz, 271 U. S. 354, 357, 46 S. Ct. 513, 70 L. Ed. 986.

It is true that under earlier acts, and to some extent under the act of 1926, the Internal Revenue Department permitted affiliations between insurance companies and other corporations. There were provisions even in the earlier acts which made it impracticable to permit the affiliation, and we can find no justification for the department's practice under those acts. While the Revenue Acts of 1921 and 1924 (§ 242 et seq., 42 Stat. 261, and 43 Stat. 288) made special provision for the taxing of insurance companies, neither of them fixed the rate of taxation differently from that provided for other corporations. The act of 1926, having erected this additional barrier to affiliation, cannot be said to have approved a practice indulged in though not justified under the earlier acts. Nor was there recognition or approval of the practice under the act of 1926 in the passage of the act of 1928 (26 USCA § 2001 et seq.). The argument for the petitioner is that, as the later act expressly excluded insurance companies from affiliations, it must be assumed that Congress regarded the earlier one as permitting it. We agree with the view expressed in Fire Companies Building Corporation Case, supra, that this difference in the two acts is "too fragile" to indicate an intention to interpret the law of 1926 as permitting affiliation, and that it is just as reasonable to assume that the intent of the change was "to leave the situation as it had been" and "to make it clear that for the future, at any rate, affiliation should be limited to corporations of the same sort." Besides, as already stated, there was no provision in any of the prior acts for a tax rate applicable to the consolidated income of these differently taxed units, and in our view the Commissioner had no authority to apply the higher class rate to the consolidated result.

The order of the Board is affirmed.

HICKENLOOPER, Circuit Judge (dissenting).

I am of the opinion that the decision of the Board of Tax Appeals should be reversed. Consolidated returns of insurance companies and their subsidiaries were freely permitted under the acts of 1921 and 1924, and the obstacles to affiliation under the general provisions of those acts were not regarded as insurmountable. If the taxpayer, the affiliated corporations considered as a unit, is willing to pay the higher rate, no provision of the 1926 act indicative of legislative intent would be defeated, and I see no insurmountable obstacle to the filing of consolidated returns under that act. The act referred to was passed, presumably, with knowledge of the previous administrative practices, and no such "clarifying amendment" was inserted in that act as was done in the act of 1928. Had there been an intent to deny to insurance companies in the future that privilege which had been uniformly accorded to them under prior acts, I am of the opinion that this intent would have been expressed and not left to implication, and that we thus have a distinct legislative approval of the inclusion of insurance companies within the general provisions relating to affiliation.

In addition to this, considerations of natural justice would seem to persuade that a corporation and its instrumentality, although the nature of the business of the two may differ slightly, should be treated as a unit for tax purposes. In the absence of express provision to the contrary, taxing acts should be construed, if this be at all possible, to give to taxpayers the advantage of benefits which they had theretofore enjoyed and which are consistent with the expressed general purpose of the act. This general purpose favors permitting consolidated returns by affiliated corporations, and such general purpose should be given effect, I think, in the absence of express prohibition, rather than restricted in operation by the application of principles analogous to those of repeal by implication.