## COMMISSIONER OF INTERNAL REVENUE v. MANUS MULLER & CO., Inc.*
### No. 318.

Circuit Court of Appeals, Second Circuit.
July 1, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Ellis N. Slack, Sp. Assts. to Atty. Gen., for appellant.

Proskauer, Rose & Paskus, of New York City (Wilbur H. Friedman, and Norman S. Goetz, both of New York City, of counsel), for appellee.

Horace H. Powers of St. Albans, Vt., and Wallace R. Foster, of New York City, amici curiæ.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

### L. HAND, Circuit Judge.

This appeal presents the single question of law whether under section 141 and section 238 of the Revenue Act of 1928, 26 USCA §§ 2141, 2238, two domestic corpo-

*Writ of certiorari denied 56 S. Ct. 382, 80 L. Ed. ——.

rations may file a consolidated return as affiliates, when their affiliation depends entirely upon the fact that a foreign corporation holds more than ninety-five per cent. of the shares of each. Article 2 (b) of Regulations 75 forbids this, but the taxpayer maintains, and the Board has found, that it is invalid. The House wished to end with the year 1928 any privilege whatever of filing a consolidated return; section 141 of its bill was then in the same form as section 142 of the act as it became law (26 USCA § 2142). Section 238 was also in the bill, and read as it does now, except that it ended with the words, "within the meaning of section 141," instead of "within the meaning of section 141 or 142 [section 2141 or 2142]"; its meaning was what it would have been, had it become law reading, "within the meaning of section 142." The Senate had other views and interjected a new section, now section 141, which granted a more limited privilege of affiliation after the year 1928. Subdivision (e) of that section (26 USCA § 2141 (e) read as it does now; "a consolidated return shall be made only for the domestic corporations within the affiliated group"; an intimation that there might be an "affiliated group" of which a foreign corporation was one member. However section 238 (26 USCA § 2238) was extended to both sections; it expressly contradicted the implication; it declared that "a foreign corporation shall not be deemed to be affiliated with any other corporation within the meaning of section 141 or 142 [section 2141 or 2142]." In the face of such a conflict the express provision must prevail, unless there be some reason to suppose that it did not really mean what it said.

It is the view of the taxpayer, which the Board has adopted, that it did not. The argument rests upon the formal pattern of the act of 1928, which contained general provisions in the first four "Supplements," and particular provisions in others that were compendia of all that was peculiarly applicable to classified subjects. Section 141 is among the general provisions (Supplement D); section 238 is in Supplement I which touches foreign corporations only. We do not see the force of this fact; it is as reasonable to suppose that the paramount intent is in one place as in the other. Although section 238 is redundant as to section 142, and although that is also the case with other sections in Supplement I and perhaps elsewhere in the act, it is surely

inadmissible to say that so far as not redundant, that is, qua section 141, it is not to be treated as law at all. How in this view are we to reconcile its express extension to section 141? Its general purpose may have been only symmetry of arrangement, but it was cast in the imperative, and we cannot play so fast and loose with the chosen words of a statute.

We have assumed that the implication of subdivision (e) must be that foreign corporations are members of an affiliated group for all purposes but the inclusion of their incomes in the consolidated return. Though that no doubt is the natural meaning, it is not the inevitable one. In the first place it contradicts the underlying notion on which affiliation rests. When a business is single, industrially and financially, it ought to be assessed as such; there is but a single income and intramural transactions cancel each other; that is the notion which supports the affiliation. But if a foreign corporation is the only nexus which unites domestic subsidiaries —if it is the "parent",—this theory can be realized only by bringing its income into hotchpot with the rest, just what section 141 (e), 26 USCA § 2141 (e), itself forbids. To eliminate that income and still to treat as a unit those companies which are a unit only because the excluded foreign corporation holds their shares, is to deny the premise and affirm the conclusion. True, it would not compromise the result in practice when the "parent" had no income, but those would be uncommon instances. There are indeed circumstances which may justify such a course and subdivision (e) mentions one; an affiliation in which an insurance company is "parent." Corner Broadway-Maiden Lane, Inc., v. Commissioner, 76 F.(2d) 106 (C. C. A. 2). But the income of the "parent" can there be taxed, and is excluded from the consolidated return only because a different rate and method of assessment apply to it. The income of a foreign corporation cannot be taxed, except so far as it arises in this country. So much for antecedent probability. Textually the Board's interpretation is not inevitable, either. The phrase "affiliated group" in subdivision (e) refers back to subdivision (d) for definition, and the clause may have meant that foreign corporations though within the group as so defined, were not to count as such at all. The draughtsman of the phrase may have assumed that the composition of the con-

solidated return was the measure of all the legal ·consequences following upon affiliation, not foreseeing a situation like that at bar. The change in phrasing between section 141 and section 142 would indeed have been significant, had the two come from the same hand; but as the act was composed, there is no reason to suppose that "affiliation" in one section was intended to be different from "affiliation" in the other. If we are to speculate, we should put down the discordance to mere difference in draughtsmanship, even if section 238, 26 USCA § 2238, were not present. That discordance was corrected by section 141 (e) of the Act of 1934, 26 USCA § 5141, and it would have to be much more strident to justify our setting down section 238 as brutum fulmen.

Besides, affiliation is a privilege in any case, akin to an exemption, and doubts go against the taxpayer.

Order reversed; deficiency restored.