**PENNSYLVANIA INDEMNITY CO. v. MacLAUGHLIN.**

No. 5576.

Circuit Court of Appeals, Third Circuit.

July 18, 1935.

Frederick E. S. Morrison, Francis Chapman, and Henry S. Drinker, Jr., all of Philadelphia, Pa. (Chapman & Chapman and Drinker, Biddle & Reath, all of Philadelphia, Pa., of counsel), for appellant.

Frank J. Wideman, Asst. Atty. Gen., and Edward H. Horton and Sewall Key, Sp. Assts. to Atty. Gen., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

In 1928, the taxpayer, the Pennsylvania Indemnity Company, owned the entire capital stock of the Pennsylvania Indemnity Corporation, hereinafter called indemnity corporation. They together owned the stock of the Pennsylvania Indemnity Fire Corporation, hereinafter called the fire corporation. The taxpayer was solely engaged in carrying on a brokerage business and agency in general insurance for its two subsidiary corporations which were engaged in insuring losses resulting from casualties and fire and other risks, respectively.

On December 27, 1928, the taxpayer sold its stock in the fire corporation to the indemnity corporation for $157,000.

The taxpayer and its subsidiaries filed a consolidated return for income tax purposes for 1928 under section 142 of the Revenue Act of 1928 (26 USCA § 2142).

The Commissioner of Internal Revenue determined that the taxpayer was not entitled to file a consolidated return with its subsidiaries and included in the taxpayer's gross income the sum of $117,000 as gain derived from the sale of the stock of the fire corporation to the indemnity corporation. The tax was paid, and a claim for refund was made and denied. This suit was brought in the District Court to recover the tax.

The District Court gave judgment for the collector, and the taxpayer appealed.

The first contention of the taxpayer below and here is that it, an ordinary domestic corporation, is entitled to file a consolidated return with its subsidiary insurance corporations under the terms of section 142 of the Act of 1928 (26 USCA § 2142).

This contention has been authoritatively settled against the taxpayer and in favor of the government, under the Revenue Act of 1926, § 240 (a), 26 USCA § 993 (a). Fire Companies Building Corporation v. Commissioner, 54 F.(2d) 488 (C. C. A. 2), certiorari denied, 286 U. S. 546, 52 S. Ct. 498, 76 L. Ed. 1283; Cincinnati Underwriters Agency Company v. Commissioner, 63 F.(2d) 309 (C. C. A. 6), certiorari denied 289 U. S. 754, 53 S. Ct. 786, 77 L. Ed. 1499. Notwithstanding the fact that one of the objections under the act of 1926 (that the rates of taxation for ordinary and insurance corporations are different) cannot apply to this case under the act of 1928 (the rates having been equalized), the same conclusion must be reached here. On principle as well as authority, an ordinary business corporation is not entitled to file a consolidated return with an insurance company. While section 142 does not expressly exclude the filing of a consolidated return by an ordinary domestic corporation and an insurance corporation, yet the structure and whole economic set-up of insurance companies are so different from those of ordinary business corporations that the Congress has provided a different method for the computation of their income taxes so that the method applicable to the one kind is not applicable to the other. Because of the inherent difference between these corporations, different methods of computing their income taxes are necessary

in order to reflect true income in each case. Supplement G of the Revenue Act of 1928 (26 USCA § 2201 et seq.), which applies to insurance companies, is not a complete scheme of taxation, and the general provisions of the act and supplements A, B, C, and D (26 USCA § 2101 et seq.), including section 142, 26 USCA § 2142, which gives affiliated insurance companies themselves the right to file a consolidated return, apply to insurance companies by the express terms of the act. McLaughlin v. Alliance Insurance Company, 286 U. S. 244, 52 S. Ct. 538, 76 L. Ed. 1083.

The second contention of the taxpayer that it did not realize a profit on its sale of the stock of the fire corporation to the indemnity corporation in 1928, for the reason that it was required in 1929 to donate the sum of $255,000 to the indemnity corporation, is without merit. It is true that the taxpayer donated a large sum of money to the indemnity corporation, but that was done in 1929, while the sale occurred in 1928, the prior tax year which is involved here.

The judgment of the District Court is affirmed.