## COMMISSIONER OF INTERNAL REVENUE v. SILK CENTER BUILDING, Inc. *

### No. 5890.

Circuit Court of Appeals, Third Circuit.

Feb. 5, 1936.

*Writ of certiorari denied 56 S. Ct. 954, 80 L. Ed. —.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and Ellis N. Slack, Sp. Assts. to Atty. Gen., for petitioner.

Fred A. Woodis, of Washington, D. C. (Speer & Woodis, of Washington, D. C., and J. Anthony Schwarzmann, of New Rochelle, N. Y., of counsel), for respondent.

Before DAVIS and THOMPSON, Circuit Judges, and FORMAN, District Judge.

THOMPSON, Circuit Judge.

This is a petition of the Commissioner of Internal Revenue for review of a decision of the Board of Tax Appeals. In 1929, a foreign corporation owned over 95 per cent. of the stock of each of two domestic corporations, Schwarzenbach Huber Company and Silk Center Building, Inc., the respondent. The Schwarzenbach Huber Company included the respondent's income for that year in a consolidated income tax return. The Commissioner held that the two domestic corporations were not affiliated, and assessed a deficiency against the respondent. He was reversed by the Board of Tax Appeals. The question is whether the two domestic corporations are affiliated in the sense that they may file a consolidated return. Section 238 of the Revenue Act of 1928 (26 U.S. C.A. § 238 note) and a Treasury regulation made by the Commissioner under authority of section 141 (b) of the Revenue Act of 1928 (26 U.S.C.A. § 141 and note) provide that a foreign corporation shall not be deemed to be affiliated with any other corporation. The contention of the respondent is that the Commissioner had no authority to make the regulation, and that, even if he had such authority, the two domestic corporations were entitled to file a consolidated return by reason of the fact that their respective stock was owned by the same corporation. This identical question has been determined by the Second Circuit in Commissioner v. Manus Muller & Company (C.C.A.) 79 F.(2d) 19. The discussion by Judge Learned Hand is so entirely applicable to the facts in the instant case that we can add nothing to his reasoning and conclusions. It was there held, in view of the statutory provision and the Treasury regulation, that foreign corporations shall not be deemed affiliated with any other corporation, that two domestic corporations are not entitled to file consolidated income tax returns as affiliates where their affiliation depends entirely on the fact that a foreign corporation holds more than 95 per cent. of the shares of each. We are in entire accord with Judge Hand's reasoning and conclusions, and apply them in deciding the instant case.

The order of the Board of Tax Appeals is reversed.