## COMMISSIONER OF INTERNAL REVENUE v. TRAVELERS INDEMNITY CO. et al.
### No. 68—417.

Circuit Court of Appeals, Second Circuit.
June 8, 1936.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and Edward H. Horton, Sp. Assts. to Atty. Gen., for petitioner.

Nelson T. Hartson and James C. Rogers, both of Washington, D. C. (William Brosmith, of Hartford, Conn., and Frank J. Hogan, of Washington, D. C., of counsel), for respondents.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

These petitions for review concern income tax deficiencies asserted for the calendar years 1927 to 1930, inclusive, under the provisions of the Revenue Acts of 1926 and 1928 (44 Stat. 9, 45 Stat. 791).

The Travelers Insurance Company is a life insurance company. The Travelers Indemnity Company and the Travelers Fire Insurance Company are insurance companies other than life or mutual. The Travelers Bank & Trust Company, the Colorado Valley Land Company, the Monte Vista Canal Company, the Rio Grande Reservoir & Ditch Company, the Rio Grande Land & Canal Company, and Nebraska Securities Corporation are noninsurance companies. All are domestic corporations. During the tax years in question, the Travelers Insurance Company owned directly 95 per cent. of the stock of the Travelers Indemnity Company, and the Indemnity Company owned directly 95 per cent. of the stock of the Travelers Fire Insurance Company. During the years 1929 and 1930, 95 per cent. of the stock of the Travelers Bank & Trust Company was owned by the Travelers Insurance Company, which also owned 95 per cent. of the stock of the Colorado Valley Land Company, the Rio Grande Land & Canal Company, and the Nebraska Securities Corporation. The Colorado Valley Land Company owned directly 95 per cent. of the stock of the Monte Vista Canal Company and of the Rio Grande Reservoir & Ditch Company. The Travelers Insurance Company on behalf of itself, the Indemnity and Fire Insurance Companies, the Colorado Valley Land Company, the Rio Grande Land & Canal Company, the Monte Vista Canal Company, the Rio Grande Reservoir & Ditch Company, and the Nebraska Securities Corporation filed a consolidated income tax return for the respective calendar years 1926, 1927, and 1928. The Travelers Insurance Company, on behalf of itself, the Travelers Indemnity Company, and the Travelers Fire Insurance Company, filed a consolidated income tax return for the years 1929 and 1930. The Travelers Insurance Company on behalf of the Travelers Bank & Trust Company, the Colorado Valley Land Company, the Monte Vista Canal Company, the Rio Grande Reservoir & Ditch Company, the Rio Grande Land & Canal Company, and the Nebraska Securities Corporation filed a consolidated income tax return for the calendar years 1929 and 1930, but did not include in such return for either year any part of the income of the Travelers Insurance Company. The commissioner ruled that he could not authorize the filing of a consolidated return for such corporations so grouped and

determined deficiencies against the respective corporations. The Board of Tax Appeals sustained the taxpayers, holding that under the provisions of the Revenue Acts of 1926 and 1928, domestic life insurance companies and domestic insurance companies other than life or mutual, the stock of which is held in such a way as to meet the statutory requirements as to stock ownership, may file a consolidated return for the years 1927 to 1930, inclusive. Also that within the meaning of section 141 (d) of the Revenue Act of 1928, 26 U.S.C.A. § 141 note, a life insurance company may be recognized as a common parent corporation of a group of corporations, other than insurance companies owned by it, and a consolidated return may be filed for the latter even though no insurance company is included in such return.

The Travelers Insurance Company is taxable under the provisions of sections 243 and 201, respectively, of the Revenue Acts of 1926 and 1928 (44 Stat. 47, and 26 U. S.C.A. § 201 and note). The Travelers Indemnity Company and the Travelers Fire Insurance Company are taxable under sections 246 and 204, respectively, of the same acts (44 Stat. 48, and 26 U.S.C.A. § 204 and note), and the other corporations are taxable under sections 230 and 13 of the respective acts (44 Stat. 39, and 26 U.S.C.A. § 13 and note).

Corporations were first enabled to file consolidated returns in 1918, at which time insurance companies were taxed on a basis similar to that applied to noninsurance or ordinary corporations. In 1921, life insurance companies were recognized as on a different basis than other corporations and a different method of computing their taxable income was set up. See Massachusetts Mut. Life Ins. Co. v. United States (Ct.Cl.) 56 F.(2d) 897, 900, 901. There was no objection made to the filing of consolidated tax returns by corporations embracing insurance and noninsurance corporations until the Revenue Act of 1926 became effective. That act imposed a tax of 13½ per cent. on noninsurance corporations and 12½ per cent. on insurance corporations. After the 1926 act, the commissioner ruled that a noninsurance company and an insurance company could not file a consolidated return, and we sustained such ruling. Fire Companies Buildings Corporation v. Com'r of Internal Revenue (C. C.A.) 54 F.(2d) 488, 489, certiorari denied 286 U.S. 546, 52 S.Ct. 498, 76 L.Ed. 1283.

Although section 240 (a) of the Revenue Act of 1926 (44 Stat. 46) made affiliation the only test of the privilege of filing a consolidated return, and the companies involved, a fire insurance and a real estate holding company, met the literal terms as to stock ownership, an implied exception was read into the section to keep it in harmony with the act. Literally, the income resulting from insurance and noninsurance companies had no applicable tax rate, provision being made for either type but not for the combination. Relying upon this, and upon the doctrine that affiliation did not constitute a merger, but that combined income was taken only for appraisal purposes and the affiliates were taxed individually, we read the exception into section 240 (a), namely, that insurance and noninsurance companies could not be affiliated for the purpose of filing consolidated returns. Commenting on the former practice of allowing consolidated returns in such circumstances, we said: "Before the Act of 1926, and while the rates for insurance companies were the same as for other corporations, such affiliation was perhaps possible, though even then the deductions allowable to each affiliate were different and the result really perverted the purpose of the statute." In Cincinnati Underwriters Agency Co. v. Com'r of Internal Revenue, 63 F.(2d) 309, 310 (C.C.A.6), certiorari denied, 289 U.S. 754, 53 S.Ct. 786, 77 L.Ed. 1499, the Sixth Circuit followed our decision and in referring to the former practice of permitting consolidated returns when the rates on insurance and non-insurance companies were the same, said:

"There were provisions even in the earlier acts which made it impracticable to permit the affiliation, and we can find no justification for the department's practice under those acts." Later in National Life Ins. Co. v. United States (Ct.Cl.) 4 F.Supp. 1000, 1008, certiorari denied In re National Life Ins. Co., 291 U.S. 683, 54 S.Ct. 560, 78 L.Ed. 1070, the Court of Claims supported the commissioner's refusal to allow an insurance and non-insurance company to file a consolidated return under the 1921 Revenue Act, saying: "We think the fundamental and underlying reason for denying affiliation between an insurance company and an ordinary corporation existed for 1921 and subsequent years [though the tax rate was then the same for both] because of special treatment and classifi-

cation by Congress of insurance corporations."

In American Exchange Securities Corporation v. Helvering, 74 F.(2d) 213, we ruled similarly. Under the Revenue Act of 1928, the rates for both types of corporations were the same. In section 141 (e), 26 U.S.C.A. § 141 note, Congress denied the right of affiliation to insurance and noninsurance corporations. This section, however, was not to take effect until 1929, and meanwhile under section 142 the law (45 Stat. 832) was left as it had been for the year 1928. The statute could be reasonably explained only on the ground that though the rates of such corporations became the same and there was an approach in asserting their incomes, yet the remaining differences were enough to support the exception. Pennsylvania Indemnity Co. v. MacLaughlin, 78 F.(2d) 957 (C.C.A.3), certiorari denied 296 U.S. 644, 56 S.Ct. 247, 80 L.Ed. ——, followed holding that although the rate of tax was the same, the scheme of taxing each type of corporation was different because of their inherently different characters requiring different methods to compute the tax, and these differences warranted an implied exception to the privilege of consolidation.

The instant case is similar to the American Exchange Securities Case. The privilege of filing consolidated returns for life and nonlife insurance companies had been assumed. The Revenue Act of 1932, § 141 (e), 26 U.S.C.A. § 141 note, recognized that the factual differences in the treatment of each type of corporation make a single return, taxing both as a unit, a source of perversion. Consequently, such affiliations are expressly barred in the 1932 act. As this court reasoned in the American Exchange Case, if the factual situation is such as to make an express exception supportable in reason, it is strong enough to support an implied exception. Sections 242–245 of the Act of 1926 and sections 201–203 of the Act of 1928 (44 Stat. 47, and 26 U.S.C.A. §§ 201–203 and notes) apply to life insurance companies; sections 246, 247, and 204 of the respective acts ˙(44 Stat. 48, 49 and 26 U.S.C.A. § 204 and note) apply to insurance companies other than life or mutual. Under the regulations of the Act of 1928, Regulations 74, art. 734, Regulations 75, art. 31, the items of income and deduction are to be combined to find a consolidated income. This would make losses or gains for the sale of property applicable to life insurance companies, though the statutes do not allow this, since nonlife insurance companies are permitted to use such transactions. Similarly the reserve deductions allowed only to life insurance companies (section 245 (a) (2) [1926] and section 203 (a) (2) [1928], 26 U.S.C.A. § 203 note) would benefit nonlife insurance companies.

■ This would result in a hybrid of two different systems quite as much as if the combinations were between an insurance and an ordinary corporation. The cases establish that separate classification and different methods of computation reasonably imply an exception to the literal terms of the statute. Accordingly, the life insurance company will be denied the privilege of filing a consolidated return with insurance companies of a different type. The Board of Tax Appeals was in error in permitting the filing of such consolidated return.

■ The other question presented by this petition to review is whether the noninsurance companies with an insurance company as a common parent may file a consolidated return under the act of 1928 although the parent insurance company is excluded from the same consolidated report. The board held that such return could be made. We held this in Corner Broadway-Maiden Lane, Inc., v. Com'r of Internal Revenue, 76 F.(2d) 106 (C.C.A.2). Commissioner v. Manus Muller & Co., Inc., 79 F.(2d) 19, 20 (C.C.A.2), is advanced by appellants as irreconcilable with the Corner Broadway-Maiden Lane Case. However, there we said: "There are indeed circumstances which may justify such a course and subdivision (e) mentions one; an affiliation in which an insurance company is 'parent.' * * * But the income of the 'parent' can there be taxed, and is excluded from the consolidated return only because a different rate and method of assessment apply to it." The Muller Case in no way overruled or changed our ruling in the prior case. Indeed, it reaffirmed the reasoning there used. The Board of Tax Appeals properly permitted this return to be filed.

The decision is reversed, and the cause remanded for taxation consistent with this opinion.