## COMMISSIONER OF INTERNAL REVENUE v. CLEVELAND TRINIDAD PAVING CO. (Ohio).

### Nos. 6022, 6023.

Circuit Court of Appeals, Sixth Circuit.

Dec. 6, 1932.

Ottamar Hamele, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, A. D. Sharpe, and C. M. Charest, all of Washington, D. C., on the brief), for petitioner.

M. D. Wickham, of Cleveland, Ohio (William H. Boyd and Ben B. Wickham, both of Cleveland, Ohio, Charles D. Hamel, Lee I. Park, and Edward M. Woolf, all of Washington, D. C., Boyd, Brooks & Wickham, of Cleveland, Ohio, and Hamel, Park & Saunders, of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

During the years 1924, 1925, 1926, and 1927, the respondent completed pavement construction contracts under which substantial portions of the agreed considerations were retained, by the municipalities for which the work was done, to guarantee maintenance of the pavements for specified periods. The question here involved is whether these retained percentages were taxable as income for the years in which the contracts were completed, except as to maintenance, or for those years in which the money (or the residue, if expenditures had been made therefrom in the interim), was paid to the respondent. The Board of Tax Appeals held that the latter course was the proper one, and the Commissioner brings the present proceeding to review.

In Commissioner v. R. J. Darnell, Inc., 60 F.(2d) 82, 84, we reviewed practically all of the authorities now cited to us and came to the conclusion that as to both income and permissible deductions "it is the fixation of the rights of the parties that is controlling." In Lucas v. American Code Co., 280 U. S. 445, 449, 50 S. Ct. 202, 203, 74 L. Ed. 538, the Supreme Court expressed the same thought in saying: "Generally speaking the income tax law is concerned only with realized losses, as with realized gains." And in Burnet v. Logan, 283 U. S. 404, 413, 51 S. Ct. 550, 553, 75 L. Ed. 1143, it is said: "Conversely, a promise to pay indeterminate sums of money is not necessarily taxable income." In MacLaughlin v. Alliance Ins. Co., 286 U. S. 244, 249, 52 S. Ct. 538, 539, 76 L. Ed. 1083, it is said that "realization of the gain is the event which calls into operation the taxing act." Again, in North American Oil Consolidated v. Burnet, 286 U. S. 417, 423, 52 S. Ct. 613, 615, 76 L. Ed. 1197, it is held that the taxpayer "was not required in 1916 [the year in which profits were earned and paid to a receiver] to report as income an amount which it might never receive." These are but a portion of the judicial pronouncements upon which our decision in the Darnell Case was based. They are not inconsistent with the further principle that the fact that the taxpayer kept its books in most respects upon the accrual basis does not require it to accrue that which is but contingently earned.

In the present case it is not disputed that the amount of the retained percentages might be materially reduced in the event of necessary repairs or the subsequent disclosure of a failure to comply with the specifications. Until the expiration of the period of guaranty the obligations of the several municipalities remained only a contingent promise to pay. Restricting our regard to matters of substance as distinguished from matters of form (United States v. Phellis, 257 U. S. 156,

168, 42 S. Ct. 63, 66 L. Ed. 180), we are still not convinced that the Board of Tax Appeals erred in holding that the retained percentages in the present case were not to be considered income until they were in fact received, or until they became unconditionally payable.

The decision of the Board is, accordingly, affirmed.