GOETZE GASKET & PACKING CO., INC., ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 43765, 43766, 43767. Filed May 23, 1955.

---

[1] Proceedings of the following petitioners are consolidated herewith: Goetze Gasket & Packing Co., Inc., Docket No. 43765; Azor Corporation, Docket No. 43766; Estate of Frederick W. Goetze, Margie G. Godsey, Executrix, Docket No. 43767.

*John Lewis Kelly, Esq.*, and *Henry M. Kannee, Esq.*, for the petitioners.

*Stanley W. Herzfeld, Esq.*, for the respondent.

MURDOCK, *Judge:* The original petitions in these cases, filed August 29, 1952, raise only the issue relating to the 1,000 shares of J-M stock which were withheld for 3 years after the final closing of the sales in 1947, that is, whether any amount and what amount representing the value of the right to receive those shares should be included in computing the 1947 gains of Goetze and Azor from the sale of their assets to J-M and the effect thereof upon the gain realized by the estate from liquidating dividends of Goetze and Azor. The contention that the sales were not made by Goetze and Azor but were made by the Estate of Frederick after constructive liquidations of the two corporations was not raised in this proceeding until the filing of amended petitions on May 18, 1954. This circumstance is mentioned because it tends to confirm the conviction obtained from the evidence in the case that neither Margie nor anyone involved in the transactions had any thought at the time that the estate, rather than the two corporations, Goetze and Azor, was to make the sale or that there was to be any liquidation of the two corporations, actual or constructive, so that the sale of the assets would be made by the estate rather than by the corporations.

It is clear from the evidence that each corporation, as was intended, sold its own assets to J-M, despite the fact that Margie, as fiduciary of the estate of her deceased husband, which estate owned the stock of the two corporations, negotiated with J-M up to and including the signing of the agreement dated February 28, 1947. Margie, as fiduciary of the estate of her deceased husband, the sole stockholder of the two corporations, could have negotiated a sale of the assets of those corporations on behalf of the estate with the intention that she would cause the corporations to liquidate and distribute the assets to the estate so that it could sell them. However, she did not do that or seek to do that. She chose another method. That method was to negotiate the sales on behalf of Goetze and Azor and have those corporations themselves make the sales. Thereafter she caused Goetze and Azor to liquidate. The tax consequences depend upon what was done and not upon what might have been done. Margie either intended from the start that the two corporations would make the sales rather than the estate or else, because of lack of experience, her mind did not contemplate this detail in the beginning and when it was brought to her attention she fully approved of the method and adopted it.

There is no difference between the substance and the form of these transactions. The cases cited by the petitioners do not support their contention, because of factual differences. There is no reason based upon the evidence in this case, to hold that the two corporations,

Goetze and Azor, did not make taxable sales of their assets to J-M but, instead, were constructively liquidated and the sale of the assets received by the sole stockholder in those constructive liquidations was made by the estate of J-M, unless as a matter of law that result is required. The Court knows of no principle of law requiring such a result so contrary to the acts and intentions of the parties as is disclosed by the evidence in this case, and on this point the determination of the Commissioner, in accordance with the returns of the petitioners, will not be disturbed.

The second issue, and the one upon which the deficiencies herein are based, is whether the 1947 gain of Goetze and Azor from the sale of their.assets to J-M was to include some amount representing the then value of the 1,000 shares of J-M common stock which was withheld by J-M in order to assure itself that it would have no loss resulting from any breach of the warranties upon which the purchase was predicated. As a matter of fact, a cloud on the title of Goetze to certain real estate conveyed to J-M actually developed. Section 111 of the Internal Revenue Code of 1939 provides that the gain from the sale of property shall be the excess of the amount realized therefrom over the adjusted basis, and it defines the amount realized as "the sum of any money received plus the fair market value of the property (other than money) received." The 1,000 shares were not actually received in 1947. The "property (other than money) received" in 1947 included the right to receive the 1,000 shares after the lapse of 3 years, provided that in the meantime no circumstance had developed which would give J-M the right to retain some or all of those shares.

The problem is whether that right of the sellers had an ascertainable fair market value at the time of the closing in 1947 and, if so, what that fair market value was. The evidence as a whole preponderates in favor of the conclusion indicated by the findings of fact that the right had no ascertainable fair market value at that time. The number of shares which would be received eventually was subject at that time to a substantial contingency so that neither seller was required to include any value of this right in the amount realized from the sale as a 1947 gain. *Cleveland Trinidad Paving Co.*, 20 B. T. A. 772, affd. 62 F. 2d 85. Cf. *Charles F. Dally*, 20 T. C. 894; *Boston Elevated Railway Co.*, 16 T. C. 1084, affirmed on other grounds, 196 F. 2d 923; *Higgins Estate, Inc.*, 30 B. T. A. 814; *Continental Tie & Lbr. Co.* v. *United States*, 286 U. S. 290. The fact that the equivalent of dividends was paid on the stock during the 3-year interval is not controlling. Cf. *Mobile Light & Railroad Co.*, 23 B. T. A. 543.

*Decisions will be entered under Rule 50.*