OPINION. Black, Judge: The respondent has included $8,375.59 in the income of the Dealer (petitioner), an accrual basis taxpayer, for the Dealer’s first taxable period, the fiscal year ended June 30, 1952, which had been omitted by the taxpayer from its tax return. This determination is resisted on the ground that the $8,375.59, which is the balance in an account labeled “Deferred Income” on the books of the Dealer and credited to the Dealer in an account labeled “Dealer Reserve” on the books of the Finance Co. which purchased deferred payment contracts from the Dealer, is not accruable as income in the year in question because the $8,375.59 represents only a potential future claim of petitioner. The question involved requires a review of the manner in which the item involved arose and a determination of the period in which it becomes accruable as income. For purposes of clarity we will use the simplified typical transaction as set out in our Findings of Fact in discussing the essential facts and the applicable law. The Dealer sells a trailer with a selling price of $5,000'. The purchaser does not pay cash; therefore, a finance or time charge of $500 is added. The purchaser executes a contract agreeing to pay the $5,500 in equal monthly installments for 55 months. The sale, which has been consummated, is the identifiable event which fixes the rights of the parties. At this point the selling price of the trailer has been earned; there is an unconditional right to receive the selling price. The finance or time charge has not been earned; it will be earned over the life of the contract. Wien the contract is assigned the Finance Co. rather than the Dealer earns and is entitled to the finance charge. Under the accrual method of accounting the selling price of $5,000 is gross income; the cost of the trailer is deducted; and the difference is the Dealer’s gross profit on the sale and is income in the year of the sale.[1] Spring City Foundry Co. v. Commissioner, 292 U. S. 182 (1934). This is so even though the Dealer will not receive the selling price until the 55 months have expired, cf. San Francisco Stevedoring Co., 8 T. C. 222, 225 (1947), and if the purchaser defaults it may never receive it. There is always the possibility that the purchaser or debtor will default on his obligation, but that contingency is not sufficient to defer the accruing of income that has been earned, Spring City Foundry Co. v. Commissioner, supra; Vancoh Realty Co., 33 B. T. A. 918, 922-923 (1936). The Dealer has recognized the foregoing because in recording installment sales of trailers in instances where it did not assign the contracts, it accrued the full sales price at the time of the sale. This was proper. Its practice of accruing less than the full sales price (95 per cent thereof) on contracts that it assigned was clearly inconsistent with the accrual method of accounting which it admittedly used. We fail to see that there should be any difference in accruing the full sale price of trailers where petitioner intended to handle the paper itself and in instances where petitioner intended to assign the paper to Finance Co. In each instance there was a sale and it seems to us that the full amount of the sales price must be accrued. The Dealer, being financially unable to hold all of its sales contracts, would sell most of them to the Finance Co. Under the terms of their agreement the Finance Co. would give the Dealer 95 per cent of the selling price of the trailer in cash and credit the Dealer with the remaining 5 per cent. The Finance Co. also would, at its discretion, credit the Dealer with a portion of the finance charge as it was earned by the Finance Co. A balance equal to 15 per cent of the amounts due on all contracts assigned had to be maintained in the dealers’ reserve account. Nevertheless, these credits to the dealers’ reserve account were absolute. The amounts credited would be paid to the Dealer in cash or used to discharge the Dealer’s obligation to the Finance Co. They were not payable at the time they were credited because the Dealer guaranteed the contracts that it spld to the Finance Co. The Finance Co. required this fund to be maintained for its own protection. Since the full sales price of the trailer is accruable at the time of the sale, the real question involved, we think, is not whether the amount in the dealers’ reserve account is includible in income, but whether the amount in the dealers’ reserve account is deductible from income. Generally speaking, only realized losses are deductible. See Lucas v. American Code Co., 280 U. S. 445 (1930). Here there is no realized loss. The amount credited to the dealers’ reserve account will be realized. The Dealer will receive that amount in cash or it will be used to discharge its obligation to the Finance Co. If the latter occurs, it will be because a trailer purchaser has defaulted on his obligation. In that sense the dealers’ reserve account is analogous to reserve for bad debts. However, the Dealer has neither pleaded nor argued that it is entitled to a bad debt deduction. Likewise, there is no showing that the amount in question is deductible as a reasonable addition to a reserve for bad debts as provided for in section 23 (k) of the 1939 Code and Regulation 111, section 29.23 (k)-5. And regardless of whether the sale of the trailer and the sale of the contract are viewed as two separate transactions or as one transaction the result must be the same. In either case the only thing that will prevent the Dealer from receiving the full sales price is the possibility that the purchaser will default. As we said before, that contingency is not sufficient to defer the accruing of income that has been earned. Spring City Foundry Co. v. Commissioner, supra. There is also no justification for deferring the portion of the finance charge that the Finance Co. credited to the Dealer. Although the Finance Co. was not required to so credit the Dealer, when it did so the credit was absolute and was income to the accrual basis taxpayer. Cf. Shoemaker-Nash, Inc., 41 B. T. A. 417 (1940). Our holding, that the full selling price is accruable at the time of the sale and that the portions of the finance charge that are credited to the Dealer are accruable at the time the credits are made, is in accord with the prior decisions of this Court. Shoemaker-Nash, Inc., supra, involved portions of the finance charges that were credited to the dealers’ reserve account by the finance company'. It was assumed in that case that the finance company had paid the dealer the full selling price of the automobiles. It was held that the credits are income to the dealer at the time they are credited because, although not immediately payable, there was no showing that they would not be paid when due. Blaine Johnson, 25 T. C. 123 (1955), as in the instant case, involved credits by the finance company of both the discount on the selling price and the bonus or portion of the finance charge. The taxpayer accrued the full selling price of the trailer and deducted from gross sales the amounts credited to the dealers’ reserve by the finance company. In computing the deficiencies the Commissioner restored these amounts to income. See our Findings of Fact, p. 129, Blaine Johnson, supra. We held that the credits to the dealers’ reserve are not deductible from gross sales and sustained the Commissioner. Blaine Johnson, supra, was followed in Albert M. Brodsky, 27 T. C. 216 (1956). Commissioner v. Cleveland Trinidad Paving Co., (C. A. 6, 1932) 62 F. 2d 85, is clearly distinguishable. In that case the taxpayer “completed pavement construction contracts under which substantial portions of the agreed considerations were retained, by the municipalities for which the work was done, to guarantee maintenance of the pavements for specified periods.” The question involved was whether the amounts retained were accruable. The court held that there was no need “to accrue that which is but contingently earned.” (Emphasis added.) Here the selling price of the trailer was earned at the time of the sale. There was no guaranty on petitioner’s part to maintain the trailer after it was sold. Cf. Schuessler v. Commissioner, (C. A. 5, 1956) 230 F. 2d 722. The Court of Appeals for the Fourth Circuit has reversed Blaine Johnson, supra, in Johnson v. Commissioner, (C. A. 4, 1956) 233 F. 2d 952. The petitioner in its reply brief, which was filed after the Fourth Circuit reversed us, calls our attention to this reversal and relies upon it in support of its position. However, after carefully reexamining the question involved and with due respect and deference to that court we feel compelled to follow our own decisions for the reasons set forth above. Accordingly, the determination of the respondent is upheld. Decision will he entered for the respondent. There is no contention-that the taxpayer has elected- to return its income on the installment basis as provided for in section 44, Internal Revenue Code of 1939, and regulations thereunder.