**Burl P. GLOVER, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15877.**

United States Court of Appeals
Eighth Circuit.

April 23, 1958.

W. S. Miller, Jr., Little Rock, Ark. (E. Chas. Eichenbaum, Leonard L. Scott and Eichenbaum, Scott & Miller, Little Rock, Ark., were with him on the brief), for petitioner.

Joseph F. Goetten, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson and Carolyn R. Just, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before GARDNER, Chief Judge, and JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

This matter is before us on taxpayer's petition to review an adverse decision of the Tax Court. The taxes involved are those allegedly accruing in the taxable years 1949, 1950 and 1951. During the period here involved taxpayer was engaged in the business of selling motor vehicles and was operating under the trade name of Glover Motors. In the course of his business he sold cars on credit receiving notes of purchasers representing the balance due on the purchase price. These notes he sold and transferred to a finance company known in the record as the Universal C. I. T. Credit Corporation. The sales of these notes to the finance company were made pursuant to a written contract prepared by the finance company. Certain classes of these notes were transferred without recourse while others were transferred with full recourse. On transfer and delivery of the notes the taxpayer received 97% of the face value of the notes and the finance company withheld 3% and this transaction was evidenced on the books of the finance company by an entry of this 3% withheld in an account called the dealer's reserve account. A similar entry was reflected in the books of the taxpayer. The contract between the parties with reference to this dealer's reserve account provided that three times in each twelve months period the finance company would, if the dealer were not then indebted to it, pay to the dealer the accumulated reserves in excess of 3% of the then aggregate unpaid balances on notes purchased from the dealer, but that if the finance company should stop buying notes from the dealer it might hold and apply all reserves until liquidation of all paper was completed.

At the end of the taxable year 1949 there was withheld by the finance company the sum of $3,885.71 in the dealer's reserve account, at the end of the taxable year 1950 there was withheld by the finance company the sum of $7,601.07, and at the end of the taxable year 1951 there was withheld by the finance company the sum of $7,952.41 in the dealer's reserve account. These reserves withheld by the finance company represented 3% of customers' notes outstanding at the close of each respective taxable year. These amounts had not been received by taxpayer during the taxable year and were not reported by him as part of his income for the respective years, but taxpayer reported all sums paid to him from the reserve account during each year. The Commissioner, however, determined a deficiency in taxpayer's income taxes for the respective years by including these funds withheld by the finance company as a part of taxpayer's income. The single issue presented by this appeal is whether the funds withheld in the dealer's reserve account at the end of each respective taxable year were taxable income to taxpayer in the respective year in which they were withheld by the finance company in the dealer's reserve account.

Taxpayer kept his books on the accrual basis and filed his income tax returns on the accrual basis for all years involved. He contended before the Tax Court, and he renews the contention here, that these funds withheld by the finance company were not taxable because he had neither possession nor control of, nor right to receive the 3% withheld during the taxable year. The question here involved can no longer be considered as one of first impression. As said by the Supreme Court in Spring City Foundry Co. v. Commissioner, 292 U.S. 182, 54 S.Ct. 644, 645, 78 L.Ed. 1200:

"Keeping accounts and making returns on the accrual basis, as distinguished from the cash basis, import that it is the *right* to receive and not the actual receipt that determines the inclusion of the amount in gross income. When the right

to receive an amount becomes fixed, the right accrues."

In the instant case there was never a time in the taxable years at which the taxpayer had a right to demand or receive payment of the funds withheld. As said by the Supreme Court in MacLaughlin v. Alliance Insurance Co., 286 U.S. 244, 52 S.Ct. 538, 539, 76 L.Ed. 1083:

> "Realization of the gain is the event which calls into operation the taxing act * * *."

 In its opinion in the case at bar the Tax Court conceded that the decision of the Fourth Circuit in Johnson v. Commissioner of Internal Revenue, 4 Cir., 233 F.2d 952, supported the contention of the taxpayer in the instant case but contended that the decision was erroneous, and the Tax Court relied to some extent on its own decision in Texas Trailercoach, Inc. v. Commissioner, 27 T.C. 575. That decision, however, has since the trial of this case in the Tax Court been reversed by the Fifth Circuit. Texas Trailercoach, Inc. v. Commissioner of Internal Revenue, 5 Cir., 251 F.2d 395. The Fifth Circuit follows the teaching of Johnson v. Commissioner of Internal Revenue, supra. The facts in Johnson v. Commissioner of Internal Revenue, supra, are strikingly similar to the facts in the case at bar and we think the case is directly in point on the issue here involved. In that case, as in the instant case, there was a withholding of funds that might ultimately be paid to the taxpayer. In the course of the opinion the court stated the applicable rule as follows [233 F.2d 956]:

> "Until the right to an amount becomes accruable through fixation of the right to receive, the taxpayer is under no obligation to return it as income. Otherwise, he would be required to pay a tax on income which he might never have a right to receive."

Again, the court said:

> "Taxation is a practical matter; the substance of what is done and not the form must govern."

Mere matters of bookkeeping may not obscure the substance of what is done.

In the very recent decision of the Fifth Circuit in Texas Trailercoach, Inc. v. Commissioner of Internal Revenue, supra, the facts cannot be differentiated from the basic facts in the case at bar. In that case there was a withholding of funds ultimately, under certain contingencies, to become due the taxpayer but they were not actually received and taxpayer was not entitled to receive them in the taxable year. In the course of the opinion the court, referring to the funds withheld by the finance company, said [251 F.2d 397]:

> "There is no doubt that, from a lay or purely practical point of view, the five per cent did not become fixed or ascertainable and therefore accrue in the taxable year in question."

By analogy the doctrine announced by the Third Circuit in Keasbey & Mattison Co. v. United States, 3 Cir., 141 F.2d 163, 167, is here apposite. In that case there was a withholding of funds by a finance company. In the course of the opinion in that case it is said, inter alia:

> "Applying the foregoing principles to the facts of the instant case, it follows that no part of the reserve fund was accruable as an asset to the plaintiff during the taxable year. Certainly nothing was payable to the plaintiff by way of reserve excess, for there was none. At no time was the reserve much more than half the amount of ten per cent of the notes discounted by the Finance Company (the amount of reserve necessary before there could be any excess payable to the plaintiff). And, as to what was actually in the reserve, the plaintiff's right thereto was subject to the payment therefrom of all notes, discounted by the Finance Company, which should become delinquent for a period of sixty days or more, and all charges due the Finance Company. Whether the plaintiff would ever acquire a fixed right to receive anything from the reserve fund was

contingent and unascertainable throughout the taxable year."

In the instant case there was no time during either of the years in question at which the taxpayer could have fixed any definite amount to which he was or would become entitled. Under his contract with the finance company there were at least four specific unperformed obligations of taxpayer, the nonperformance of any one of which would have changed the amount of the reserve withheld to which he might claim a right in the future, namely: (a) obligation to purchase repossessed cars at amount equal to unpaid note, (b) obligation to share portion of refund of service charge, if any, (c) obligation under the full recourse liability paragraph and (d) obligation to make good any deficiency incurred in resale of repossessed cars.

Under facts so strikingly similar in their essential features to the facts in the instant case as to be indistinguishable the Fourth and Fifth Circuits have held that the funds here sought to be included in taxpayer's income for the respective years involved were not taxable for those years. We are in full accord with the decisions referred to. It follows that the decision of the Tax Court is reversed.