**UNITED STATES of America**

v.

**A. F. SMITH CHEVROLET COM-PANY, Inc.**

No. 5939.

United States District Court
N. D. Georgia,
Atlanta Division.

Sept. 2, 1958.

James W. Dorsey, U. S. Atty., and Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Philip H. Dohn, Jr., Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

This case has been submitted to the Court upon stipulation of all the facts involved therein filed on April 30, 1958.

It appears that the defendant, a dealer in automobiles, had a certain agreement

with General Motors Acceptance Corporation whereunder the latter purchased from defendant notes receivable which the dealer had taken representing balance of purchase price of automobiles sold by the dealer. Under the terms of this arrangement the finance company paid the defendant dealer the face amount of such notes. It was stipulated between the parties, however, that the finance company should at all times out of collections made by it, retain a sum representing four per cent of all the unpaid balance of notes in its possession, purchased by it from defendant. A definite date was fixed for an annual accounting between the parties each year.

Defendant in making its tax returns for the years in question, which were made upon an accrual basis, included the amount of this reserve fund as accrued income, and paid the appropriate income taxes upon the same. Later discovering that which defendant considered to have been its error, it made a demand on the Government for a repayment of the taxes so paid, to which demand the Government acceded and repaid the defendant the amount of such taxes.

The Government subsequently being of the opinion that it was in fact entitled to the aforesaid sums as income taxes, brought this action against defendant seeking to recover the same.

(1) The first question to be decided by the Court is whether or not the defendant was entitled to receive a statutory notice of deficiency (the usual ninety-day letter) under § 6212 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6212. It will not be necessary, however, for this Court to decide that question, as the Court is holding the plaintiff is not entitled to recover even should said ninety-day letter have been sent.

(2) This Court feels itself bound by the decision of the Circuit Court of Appeals of the Fifth Circuit in the case of Texas Trailercoach, Inc., v. Commissioner of Internal Revenue, 251 F.2d 395, which has been cited with approval by the Eighth Circuit Court of Appeals in the case of Glover v. Commissioner of Internal Revenue, 253 F.2d 735.

There is no material difference between the facts in this case, as disclosed by the stipulation between the parties, and the facts appearing in the two cases just cited. The stipulation in the instant case recites inter alia the following:

"The balance in dealers reserve account is not available to the dealer except on settlement date and then only to the extent it exceeds the aggregate percentage of total unpaid balance on all notes purchased by G.M.A.C. from dealer. Defendant does not receive at any time the amount of increase in dealer reserve account and has no right to demand and receive or to use, assign or encumber same.

"It is this balance in the dealer reserve account, that is, the increase in this account balance, about which this complaint is brought."

As this case involves taxes for the years 1950 through 1953, and since there has no doubt been a change in circumstances concerning the reserve account since those years, this Court does not consider that it is involved in any question except the taxes for the years in question. As to those years defendant is not indebted to the Government in any amount.

Defense counsel shall prepare a Judgment in accordance herewith, serving copy of the same upon counsel for the Government.