**UNITED STATES of America,
Plaintiff,**

v.

**A. F. SMITH CHEVROLET CO., Inc.,
Defendant.**

**Civ. A. No. 5939.**

United States District Court
N. D. Georgia,
Atlanta Division.

Feb. 27, 1961.

Charles D. Read, Jr., U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Philip H. Dohn, Jr., Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

The United States sued defendant for unpaid income taxes based upon a certain reserve account belonging to defendant. This Court following previous decision by the Circuit Court of Appeals, Texas Trailercoach v. C. I. R., 5 Cir., 251 F.2d 395, entered judgment for the defendant, D.C., 167 F.Supp. 425. Subsequent thereto the United States Supreme Court in the case of Commissioner of Internal Revenue v. Hansen, 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360, ruled that an automobile dealer would be liable under circumstances similar to those presented in the instant case, hence the Circuit Court remanded this case to this Court for determination of other defenses interposed.

This case is being determined upon the basis of a stipulation of facts between the parties. From the stipulation the following appears.

■ The amount in controversy was reported by defendant as taxable income, claim for refund was subsequently filed and allowed, and the tax in question was repaid by the Government to the taxpayer. Upon subsequent review the Government became convinced that the refund had been erroneously made and issued to defendant a letter on Form 1905, an informal conference was held without results. The Government mailed to the taxpayer the results of the examination and accompanying such report with Form 1200, commonly called a "30-day letter." The appellate staff of Internal Revenue declined a hearing. No notice of deficiency was furnished the taxpayer pursuant to § 6212 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6212, and no deficiency has been assessed within the meaning of said statute. The only issues before this Court for determination concern the question as to whether defendant was entitled to receive a 90-day letter, giving statutory notice of deficiency as a condition precedent to instituting this action.

■ The above question must be answered in the negative. This action does not involve a deficiency assessment, but rather a suit at law for the return of a refund erroneously made by the Government. See United States of America v. Curd, 5 Cir., 257 F.2d 347; Merlin v. Sanders, District Director, 5 Cir., 243 F.2d 821. Neither is there any estoppel against the Government under the circumstances enumerated in the record. Legerlotz v. Rogers, Attorney General, 105 U.S.App.D.C. 256, 266 F.2d 457.

The Government is directed to submit a judgment in accordance herewith within twenty days.