## MacLAUGHLIN, COLLECTOR OF INTERNAL REVENUE, *v.* ALLIANCE INSURANCE CO.*

No. 548.   Argued April 13, 14, 1932.—Decided May 16, 1932.

* Together with No. 547, *Insurance Company of Pennsylvania* v *MacLaughlin, Collector of Internal Revenue.*

*Mr. Robert T. McCracken,* with whom *Messrs. Edward M. Biddle* and *Robert C. Walker* were on the brief, for the insurance companies.

246

*Solicitor General Thacher,* with whom *Assistant Attorney General Youngquist,* and *Messrs. Sewall Key, J. Louis Monarch,* and *Wm. H. Riley, Jr.,* were on the brief, for MacLaughlin, Collector.

MR. JUSTICE STONE delivered the opinion of the Court.

Appellee in No. 548, a Pennsylvania stock fire and marine insurance corporation, brought the present suit in the District Court of Eastern Pennsylvania, to recover income tax for the year 1928, alleged to have been illegally exacted. Under the Revenue Acts of 1913, 1916, 1917 and 1918, stock fire insurance companies were taxed upon their income, including gains realized from the sale or other disposition of property, accruing subsequent to March 1, 1913; but by the Revenue Acts of 1921, 1924 and 1926, gains of such companies, from the sale or other disposition of property, were not subject to tax, and losses similarly incurred were not deductible from gross income.

Supplement G of the Revenue Act of May 29, 1928, 45 Stat. 791, 844, c. 852, § 204 (a) (1), effective as of January 1st of that year, taxed the income of insurance

companies, and by § 204 (b) (1), applicable to insurance companies other than life or mutual, gross income was defined as including " gain during the taxable year from the sale or other disposition of property." In 1928 appellant received a profit from the sale of property acquired before that year, upon which the Commissioner assessed a tax computed, on the basis prescribed by § 113 of the Act, by including in the taxable income all the gain attributable to increase in value after March 1, 1913, and realized in 1928. The District Court held that only the accretion of gain after January 1, 1928, was taxed, and gave judgment in the Company's favor for the tax collected in excess of the amount so computed. 49 F. (2d) 361. On appeal, the Court of Appeals for the Third Circuit certified a question to this Court under § 239 of the Judicial Code, as amended by the Act of February 13, 1925, as follows:

" Under the Revenue Act of 1928, is the basis to be used by an insurance company (other than a life or mutual insurance company) in computing ' gain during the taxable year from the sale or other disposition of property,' acquired before and disposed of after January 1, 1928, its fair market value as of January 1, 1928, the effective date of the Act? "

The Company contends that so much of the gain as accrued before the effective date of the taxing Act was capital, which could not constitutionally be taxed under the Sixteenth Amendment, and that in any case the constitutionality of a tax upon the previously accrued gain is so doubtful as to require the taxing act to be construed as not authorizing such a levy.

In No. 547, decided by the same District Court, and involving similar facts and the same taxing statutes, the Court of Appeals for the Third Circuit certified the following question:

" If the basis to be used by an insurance company (other than a life or mutual insurance company) in computing ' gain during the taxable year from the sale or other disposition of property,' acquired before and disposed of after January 1, 1928, the effective date of the Revenue Act of 1928, be the fair market value of such property as of March 1, 1913, or other basis provided by section 113 of the Act, is the quoted provision (Section 204 (b) (1), clause (B)) unconstitutional because it taxes capital?"

The tax under this and earlier revenue acts was imposed upon net income for stated accounting periods, here the calendar year 1928, see *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359, 363, and it is only gain realized from the sale or other disposition of property, which is included in the taxable income. Realization of the gain is the event which calls into operation the taxing act, although part of the profit realized in one accounting period may have been due to increase of value in an earlier one. While increase in value of property, not realized as gain by its sale or other disposition, may, in an economic or bookkeeping sense, be deemed an addition to capital in a later period, see *Merchants' Loan & Trust Co.* v. *Smietanka,* 255 U. S. 509, it is nevertheless a gain from capital investment which, when realized, by conversion into money or other property, constitutes profit which has consistently been regarded as income within the meaning of the Sixteenth Amendment and taxable as such in the period when realized. See *Lynch* v. *Hornby,* 247 U. S. 339; *Merchants' Loan & Trust Co.* v. *Smietanka, supra; Eldorado Coal & Mining Co.* v. *Mager,* 255 U. S. 522; *Goodrich* v. *Edwards,* 255 U. S. 527; *Walsh* v. *Brewster,* 255 U. S. 536; *Taft* v. *Bowers,* 278 U. S. 470; *Lucas* v. *Alexander,* 279 U. S. 573; *Willcuts* v. *Bunn,* 282 U. S. 216.

Here there is no question of a tax on enhancement of value occurring before March 1, 1913, the effective date of the income tax act of that year, for the Collector asserts no right to tax such increase in value. The fact that a part of the taxed gain, represented increase in value after that date, but before the present taxing act, is without significance. Congress, having constitutional power to tax the gain, and having established a policy of taxing it, see *Milliken* v. *United States,* 283 U. S. 15, 22–23, may choose the moment of its realization and the amount realized, for the incidence and the measurement of the tax. Its failure to impose a tax upon the increase in value in the earlier years, assuming without deciding that it had the power, cannot preclude it from taxing the gain in the year when realized, any more than in any other case, where the tax imposed is upon realized, as distinguished from accrued, gain. If the gain became capital by virtue of the increase in value in the years before 1928, and so could not be taxed as income, the same would be true of the enhancement of value in any one year after the adoption of the taxing act, which was realized and taxed in another. But the constitutionality of a tax so applied, has been repeatedly affirmed and never questioned. The tax being upon realized gain, it may constitutionally be imposed upon the entire amount of the gain realized within the taxable period, even though some of it represents enhanced value in an earlier period before the adoption of the taxing act. *Cooper* v. *United States,* 280 U. S. 409; compare *Taft* v. *Bowers,* 278 U. S. 470. See also *Glenn* v. *Doyal,* 285 U. S. 526, dismissing *per curiam,* for want of a substantial federal question, an appeal from a decision of the Georgia Supreme Court (reported sub nom. *Norman* v. *Bradley,* 173 Ga. 482; 160 S. E. 413), that a state income tax on the profits realized from a sale of corporate stocks, after the passage of

the act, was constitutional, though the gains had accrued prior to its enactment.

*Doyle* v. *Mitchell Brothers Co.*, 247 U. S. 179, and *Hays* v. *Gauley Mountain Coal Co.*, 247 U. S. 189, on which the taxpayers rely, involved the construction, not the constitutionality, of the Corporation Excise Tax Act of 1909, and considerations which, in *Lynch* v. *Turrish*, 247 U. S. 221, and *Southern Pacific Co.* v. *Lowe*, 247 U. S. 330, led to the construction of the income tax act of 1913 as not embracing gains accrued before the effective date of that act, are not present here.

We think it clear that the Revenue Act of 1928 imposed the tax on the entire gain realized within the taxable year. Section 204 (b) (1) of Supplement G, which includes gain from the sale of property in the gross income of insurance companies (other than life or mutual), states no method of computing the gain. But the 1928 Act, like its predecessors, prescribed in other sections, §§ 111–113, that taxable gains from the sale of property should be determined by deducting from the net sales price the cost or the fair market value on March 1, 1913, if acquired before that date. These provisions are general in their terms, without any stated exception, and on their face are applicable alike to all gains from the sale of property taxed by the Act. They either control the computation of the gain referred to in § 204 (b) (1) or the word " gain " in that section, construed without their aid, must be taken in its ordinary sense as embracing the difference between net cost and net selling price, and so upon established principles would include in the taxable realized gain all which had accrued since the effective date of the income tax act of 1913, the first enactment adopted under the Sixteenth Amendment. See *Eisner* v. *Macomber*, 252 U. S. 189, 207; *Merchants' L. & T. Co.* v. *Smietanka, supra,* pp. 519, 520. For present purposes, the Revenue

Act of 1928 must be regarded as substantially an amendment and continuation of the Act of 1913.

The taxpayers insist that the omission from § 204 (b) (1) of any reference to §§ 111–113, in contrast to the inclusion in § 204 (c) of cross references to the general provisions of the Act defining deductions, evidences an intention to exclude the method of computing gains prescribed by §§ 111–113, and to adopt a different method with respect to gains taxed by Supplement G. But this argument disregards the function of the general provisions of the Act, including §§ 111–113, as complementing the provisions of Supplement G, and ignores the obvious necessity of defining the deductions authorized by § 204 (c), either by cross references made in that section to the general provisions of the Act or by other appropriate means, which did not obtain with respect to the definition of gains in § 204 (b) (1).[1]

This becomes evident upon an examination of the structure of the 1928 Act, which differed from that of any earlier revenue measure. " Title 1—Income Tax," with which we are now concerned, is divided into three subtitles designated:

" Subtitle A—Introductory provisions."
" Subtitle B—General provisions."
" Subtitle C—Supplemental provisions."

---

[1] It is true that §§ 204 (c), 205, and 206, relating to allowed deductions from gross income, define the deductions by specific cross references to like deductions defined in the general provisions of other sections, but as the listed deductions were intended to be exclusive, and as those allowed to insurance companies differ in many respects from those allowed to other corporations, it was an appropriate, if not necessary precaution, in enumerating them, to describe those which were allowed, either by repeating the appropriate language contained in the general sections or to incorporate it by reference. No such precaution was necessary with respect to § 204 (b). The " gain " included in gross income by that section was adequately defined by §§ 111–113, made applicable, by § 4 of Sub-title A, to the provisions of Supplement G.

Section 4 of Subtitle A provides in part: " The application of the General Provisions and of Supplements A to D, inclusive, to each of the following special classes of taxpayers, shall be subject to the exceptions and additional provisions found in the Supplement applicable to such classes, as follows: . . . (c) Insurance Companies,—Supplement G . . . ." The Act, by this section and by operation of its structural arrangement, thus provided that all of the general provisions of Subtitle B, and all the general provisions of Supplements A to D, including Supplement B, in which §§ 111–113 occur, were to apply to the special classes of taxpayers referred to in Supplements E to K, unless the provisions relating to a special class restrict the operation of the general provisions or are necessarily inconsistent with them. That such was the purpose to be accomplished by the rearrangement of the taxing provisions in the 1928 Act sufficiently appears from its legislative history.[2]

Section 204 is not, as the District Court thought, " a scheme or code of taxation complete in itself, . . . without reference to the general provisions of the act," unless specifically referred to and included by cross reference to such general provisions. An inspection of the Act discloses that Supplement G, dealing with insurance companies as a special class of taxpayers, would be unwork-

---

[2] See Report of the Joint Committee on Internal Revenue Taxation, December 22, 1927, Document No. 139, 70th Cong., 1st Sess., p. 2, appendix p. 7; Report of the Committee on Ways and Means, December 17, 1927, H. R. No. 2, 70th Cong., 1st Sess., pp. 1, 2, 11, 12; Report of Committee on Finance, Sen. Rep. No. 960, May 1, 1928, 70th Cong., 1st Sess., pp. 17, 18. Although the bill, as originally introduced, did not contain the provision for taxing gains of stock fire insurance companies, the bill was amended by the addition of § 204 (b) (1) (B) to Supplement G, for the declared purpose of placing such insurance companies on the same basis as mutual companies, which were already taxed upon gains from the sale or other disposition of property. Cong. Rec., May 21, 1928, Vol. 69, Part 9, p. 9337; Conference Report No. 1882, p. 18.

able without resort to the general provisions of the Act not specifically referred to in the Supplement.[3]

It would be going very far in the circumstances to say that the mere omission from § 204 of a cross reference to the definition of gain in §§ 111–113, made applicable by the general provisions of the Act, not only excluded that definition from § 204, but substituted a different one not specifically mentioned in that or any other section. The gain taxed by § 204 (b) (1) is therefore that defined by §§ 111–113, which may constitutionally be taxed.

*Both questions are answered " No."*

Mr. Justice Roberts took no part in the consideration or decision of this case.

---

[3] Neither § 204, which deals with the taxation of insurance companies other than life or mutual, nor the other provisions of Supplement G, contain any directions concerning such essential parts of a system of taxation as the filing of returns, time of payment, or penalties for non-payment; and no express reference is made to the obviously applicable general provisions touching upon these matters: §§ 52, 56, 146.   Other important and necessarily applicable general provisions, not included or referred to in Supplement G, may be found in §§ 105, 118, 141, 142, 271–277.   The provision in § 207 of Supplement G that " gross income shall not be determined in the manner provided in Section 119," is a plain indication that the general provisions contained in § 119 would apply to insurance companies in the absence of the express exception.