**DICK v. COMMISSIONER OF INTERNAL REVENUE.**

No. 1164.

Circuit Court of Appeals, Tenth Circuit.

March 25, 1935.

Arthur G. Croninger, of Miami, Okl., for petitioner.

John Paul Jackson, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

McDERMOTT, Circuit Judge.

Appellant, a full-blood Quapaw Indian, inherited land in 1900. The land was inalienable because of restrictions imposed by statute and in the patent, and exempt from taxation, until September 26, 1921. United States v. Noble, 237 U. S. 74, 35 S. Ct. 532, 59 L. Ed. 844. Appellant sold the land in May, 1931, for $50,000. Its March 1, 1913 value was $5,000. Ore was discovered in 1915, and on September 26, 1921, when the restrictions expired, the land was worth $48,780.53. The Commissioner ruled that the taxable profit on the 1931 sale was the difference between the selling price and the March 1, 1913 value. Appellant contended that the profit was the difference between the selling price and the September 26, 1921 value. The Board of Tax Appeals sustained the Commissioner, and we are asked to reverse.

While the land was restricted—to September 26, 1921—the income was not taxed by the federal statutes. Blackbird v. Commissioner (C. C. A. 10) 38 F.(2d) 976; Jaybird Mining Co. v. Weir, 271 U. S. 609, 46 S. Ct. 592, 70 L. Ed. 1112; United States v. Bean (C. C. A.) 253 F. 1; 34 Op. Attys. Gen. 439. After the restrictions were removed, appellant's income was taxable. Choteau v. Burnet, Commissioner, 283 U. S. 691, 51 S. Ct. 598, 75 L. Ed. 1353; Pitman v. Commissioner (C. C. A. 10) 64 F.(2d) 740; Superintendent Five Civilized Tribes v. Commissioner (C. C. A. 10) 75 F.(2d) 183. Appellant does not make the broad contention that she is exempt from taxation because she is a full-blood Quapaw; on the contrary the parties have stipulated,

"It is further agreed that if the Board should find the petitioner is entitled to com-

pute the profit in question on a cost value as of September 26, 1921, reduced by depletion sustained to May, 1931, there is no deficiency due, but that if the gain on said sale in May, 1931, is properly to be based on the agreed March 1, 1913 value, as held by the respondent, the correct deficiency is $4,585.39."

This stipulation eliminates all questions but one: May the profit realized and taxable in 1931 include increment in value arising while the land was restricted and its income not taxed?

Taxes are levied on profits realized and not those accrued. There may be a large increment to the value of real estate owned, but no tax is laid until the property is sold and the profit realized. Appellant argues that since the profit would not have been taxable if the sale had been made before 1921, such profit, realized in 1931, is not then taxable; that if the rule were otherwise, and a sale made on September 27, 1921, the tax would reach an increment all of which occurred during a period when a realized profit was not taxed. There is no doubt that the tax laid does impose a tax on a profit, realized in 1931, which includes an increment in value which arose during the period when the land was restricted and its income untaxed. But does it follow that such tax is not authorized by statute?

The question is one of congressional intent, and not of constitutional power. Congress may levy a tax upon the income of Indians if it chooses. Choteau v. Burnet, Commissioner, 283 U. S. 691, 51 S. Ct. 598, 75 L. Ed. 1353; Pitman v. Commissioner (C. C. A. 10) 64 F.(2d) 740; Superintendent Five Civilized Tribes v. Commissioner (C. C. A. 10) 75 F.(2d) 183. It has the power to tax the income from restricted lands, although it has not exercised it as to income realized while the land was restricted. The question is, has Congress exercised that power as to profits accruing while the land was restricted but realized after the restrictions were removed?

The statute is plain. Section 113 (b) (1) and (2), Revenue Act of 1928 (26 USCA § 2113 (b) (1, 2), prescribes

"The basis for determining the gain or loss from the sale or other disposition of property acquired before March 1, 1913 shall be:

"(1) the cost of such property * * * or

"(2) the fair market value of such property as of March 1, 1913, whichever is greater. * * *"

We are asked to add another clause or subsection or proviso to the effect that "in case of property of restricted Indians, the basis shall be the fair market of such property as of the date the restrictions were removed." We pass by the question of whether a court would ever be warranted in performing such a major operation on a statute, because the Supreme Court of the United States has recently held that appellant's reason for such an operation is insufficient.

The reason advanced is that since this increment in value was untaxed between 1913 and 1921, it cannot be taxed by a later statute. The same argument was advanced in McLaughlin v. Alliance Ins. Co., 286 U. S. 244, 52 S. Ct. 538, 540, 76 L. Ed. 1083. Prior to the Revenue Act of 1928, gains from the sale of properties of an insurance company were not taxed. Such a tax was imposed by the 1928 law, and the gain measured by the 1913 value. The insurance company contended that gains accruing prior to the effective date of the 1928 act could not be taxed by that act, although realized in 1928. The lower court sustained the contention and measured the profit by the increment after January 1, 1928. The Supreme Court reversed, saying in part:

"Its failure to impose a tax upon the increase in value in the earlier years, assuming without deciding that it had the power, cannot preclude it from taxing the gain in the year when realized, any more than in any other case, where the tax imposed is upon realized, as distinguished from accrued, gain. If the gain became capital by virtue of the increase in value in the years before 1928, and so could not be taxed as income, the same would be true of the enhancement of value in any one year after the adoption of the taxing act, which was realized and taxed in another. But the constitutionality of a tax so applied has been repeatedly affirmed and never questioned. The tax being upon realized gain, it may constitutionally be imposed upon the entire amount of the gain realized within the taxable period, even though some of it represents enhanced value in an earlier period before the adoption of the taxing act. * * *. We think it clear that the Revenue Act of 1928 imposed the tax on the entire gain realized within the taxable year. * * * But the 1928 act, like its predecessors, prescribed in other sections, §§ 111–

113 (26 USCA §§ 2111–2113), that taxable gains from the sale of property should be determined by deducting from the net sales price the cost or the fair market value on March 1, 1913, if acquired before that date. These provisions are general in their terms, without any stated exception, and on their face are applicable alike to all gains from the sale of property taxed by the act."

It may also be noted that the first income tax law was enacted October 3, 1913 (38 Stat. 114, 166); the Act of 1916 (section 2 (c), 39 Stat. 756, 758) measured capital gains by the March 1, 1913 value; that is, increment was taxed which accrued seven months before there was any statute taxing incomes.

It is stipulated that in 1931 appellant's income was taxable. She realized the profit taxed in 1931. That part of it accrued during a period when such profit, if then realized, was not subject to the tax, is not material. The taxing statute operates on profits realized and not profits accrued.

The decision of the Board of Tax Appeals is

Affirmed.