CONLEY, J. T. C.
Pursuant to New Jersey’s short-lived tax on capital gains and other unearned income, defendant assessed a tax against plaintiffs based upon their capital gain of $144,750. The statute creating this tax was adopted August 5, 1975 and was first applicable to 1975 unearned income. N.J.S.A. 54:8B-1 et seq. The tax was repealed effective July 1,1976 by enactment of the New Jersey Gross Income Tax Act. N.J.S.A. 54A:9-24. Plaintiffs realized the gain of $144,750 in November 1975 from the sale of a film distribution and processing contract they had acquired in 1973. Defendant’s computation of plaintiffs’ gain was based upon plaintiffs’ adjusted basis for federal income tax purposes. Plaintiffs argue that their basis should have been the fair market value of their asset at the date of enactment of the unearned income tax, or, in the alternative, if the federal adjusted basis is to be used, that defendant must prorate plaintiffs’ gain according to the holding period of the asset, and tax only that portion of the gain attributable to the holding period subsequent to January 1, 1975. Plaintiffs seek a refund of $4,844.80 plus interest for tax payments they made attributable to gain prior to January 1, 1975. Defendant has filed a motion for summary judgment.
Defendant adopted the federal adjusted basis for use in connection with the unearned income tax when he promulgated N.J.A.C. 18:30-6.1(b) and N.J.A.C. 18:30-6.8(a). These regulations provide that “ ‘gains from the sale or exchange of capital assets’ means net gains as reported for federal income tax purposes,” N.J.A.C. 18:30-6.1(b), and that “the adjusted basis to the taxpayer shall be the same as his adjusted basis for Federal income tax purposes.” N.J.A.C. 18:30-6.8(a) Plaintiffs argue that in adopting these regulations the Director exceeded the authority given him by the Legislature. The argument is that the Legislature defined “gains from the sale or exchange of capital assets” only as “net gains as defined by regulation of the director which shall be consistent with definitions prescribed for Federal income tax purposes....” N.J.S.A. 54:8B-2. [Emphasis supplied]. As stated in their brief,
*255 plaintiffs contend that the director was only authorized to define ‘net gains’, not to determine what the net gains actually were. However, despite this limited mandate, the Director redefined the definition established by the legislature to read that the gains from the sale or exchange of capital assets means net gains as reported for Federal income tax purposes. [Emphasis in original].
An argument analogous to that of plaintiffs was raised and rejected in Lane v. Holderman, 23 N.J. 304, 129 A.2d 8 (1957). Plaintiffs in that case challenged an administrative regulation of the Commissioner of Labor and Industry which specified that women and minor employees must be paid one and one-half times the regularly hourly wage rate for work in excess of 40 hours per week. Plaintiffs contended that in giving the Commissioner of Labor and Industry the power to adopt regulations “defining and governing” overtime rates, the Legislature had not given him the power to establish overtime rates. The court disposed of this contention in the following language:
While it is true powers or jurisdiction may not be simply implied on behalf of an administrative official, the grant of an express power is always attended by the incidental authority fairly and reasonably necessary or appropriate to make it effective [citations omitted]. It is patent that the legislative grant to the Commissioner to control overtime rates is successfully emasculated unless he can determine at what point in the work week they apply....
We think the intention of the Legislature to give the Commissioner power to establish overtime rates effective after a prescribed number of hours is evident, and we are reassured by the fact that every relevant principle of statutory construction discussed under Point III confirms our conclusion. [Id. at 315, 129 A.2d 8].
Similarly, in the present case, I have no doubt that the Legislature intended that the Director determine, in the context of the unearned income tax, what a net gain would actually be. It is difficult to follow plaintiffs’ argument that the Director could define net gains but yet could not determine what a gain would be for purposes of the unearned income tax. Definition of net gain and determination of net gain are both necessary for administration of the tax and they are necessarily interrelated. The Legislature delegated to the Director the precise definition of the term “net gains” and thus delegated to him the determination of the amount of any net gains.
Plaintiffs would have this court void the Director’s definitions of net gain and adjusted basis and substitute in their *256 place new definitions which would result in a lesser tax to plaintiffs. However, a quasi-legislative regulation of the type involved in this case is presumptively valid, and the party attacking the regulation has the burden to demonstrate that it is arbitrary, capricious, unduly onerous or otherwise unreasonable. New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 560-561, 384 A.2d 795 (1978). Another basic tenet of judicial review is that a court may not substitute its judgment for that of the agency as to the wisdom of a particular quasi -legislative administrative action as long as the action is statutorily authorized and is not patently arbitrary or illegal. Id. at 562-563, 384 A.2d 795; Newark v. Natural Resource Council, 82 N.J. 530, 539-540, 414 A.2d 1304 (1980).
Applying these principles to a review of N.J.A.C. 18:30— 6.1(b) and N.J.A.C. 18:30-6.8(a), I cannot conclude that there is any infirmity in the regulations. There can be no arbitrariness in the Director’s adoption of federal practices and procedures when the Legislature directed him to be “consistent with definitions prescribed for Federal income tax purposes.” N.J.S.A. 54.-8B-2. On the other hand, there is nothing in the text of the unearned income tax act to require, as plaintiffs suggest, that a taxpayer’s adjusted basis should be the fair market value of an asset as of the enactment of the statute, or that the chronological holding period of an asset should be prorated as of the enactment of the statute.
Plaintiffs argue that unless the statute is construed as they interpret it, the tax on their capital gain would be violative of the due process clause of the United States Constitution. They contend first that basis must be determined as of a time the tax statute was in effect, citing Lynch v. Turrish, 247 U.S. 221, 38 S.Ct. 537, 62 L.Ed. 1087 (1917). The Court in that case held that the federal income tax act of 1913 did not embrace gains accrued before the effective date of the act. That case, however, dealt only with a question of statutory construction. In MacLaughlin v. Alliance Insurance Co., 286 U.S. 244, 52 S.Ct. 538, 76 L.Ed. 1083 (1932), the Court dealt specifically with a *257 constitutional question involving the basis to be used in computing gains for income tax purposes. The Court stated that
Congress, having constitutional power to tax the gain, and having established a policy of taxing it [citation omitted], may choose the moment of its realization and the amount realized, for the incidence and the measurement of the tax.... The tax being upon realized gain, it may constitutionally be imposed upon the entire amount of the gain realized within the taxable period, even though some of it represents enhanced value in an earlier period before the adoption of the taxing act. [286 U.S. at 249, 52 S.Ct. at 539],
The holding of the Supreme Court in MacLaughlin disposes of plaintiffs’ contention that a taxpayer’s basis must be determined as of a date when the tax statute was operative. See also Hough v. Director, 2 N.J. Tax 67 (decided December 24, 1980).
Plaintiffs also argue that use of the federal adjusted basis would result in an unreasonable retroactive tax, citing Nichols v. Coolidge, 274 U.S. 531, 47 S.Ct. 710, 71 L.Ed. 1184 (1927). The Supreme Court of this state considered the unearned income tax in Klebanow v. Glaser, 80 N.J. 367, 403 A.2d 897 (1979), in which the court distinguished Nichols v. Coolidge, supra. In Klebanow, the court held that the limited retroactive effect of the unearned income tax act did not violate the Fourteenth Amendment of the Constitution of the United States or the comparable provision of the Constitution of New Jersey, N.J. Const. (1947), Art. I, par. 1. The retroactive effect of the tax upon plaintiffs in the present matter is no greater than that discussed in several of the precedents relied upon in Klebanow. See Welch v. Henry, 305 U.S. 134, 59 S.Ct. 121, 83 L.Ed. 87 (1938). Very recently the Supreme Court of the United States upheld the retroactive application of 1976 amendments to the Internal Revenue Code. United States v. Darusmont, 449 U.S. 292, 101 S.Ct. 549, 66 L.Ed.2d 549 (1981). There is therefore no merit to this aspect of plaintiffs’ argument.
Defendant’s motion for summary judgment is granted. The Clerk of the Tax Court will enter a judgment of dismissal of plaintiffs’ complaint.